Jacob W. Sparks (ABN 027905)
**SCHEEF & STONE, L.L.P.**
14555 North Scottsdale Road, Suite 310
Scottsdale, Arizona 85254
Tel:   480-302-3704
Fax:   480-302-3705
Email: jacob.sparks@solidcounsel.com

Attorneys for David A. Birdsell, Chapter 7 Trustee

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>ROSS TAYLOR SWICK,<br><br>and<br><br>PENELOPE SUE SWICK,<br><br>        Debtors. | Chapter 7<br><br>Admin. Case No. 2:12-bk-09443-GBN |
| DAVID A. BIRDSELL, Chapter 7 Trustee,<br><br>        Plaintiff.<br><br>vs.<br><br>ROSS TAYLOR SWICK,<br><br>and<br><br>PENELOPE SUE SWICK,<br><br>        Defendants. | Adversary Case No. 2:13-ap-00133-GBN<br><br>**CHAPTER 7 TRUSTEE'S COMPLAINT** |

Plaintiff David A. Birdsell, Chapter 7 Trustee herein ("Plaintiff"), alleges for Plaintiff's Complaint against Ross Taylor Swick and Penelope Sue Swick ("Defendants"), Debtors in Bankruptcy Case No. 2:12-bk-09443-GBN (the "Underlying Case"), as follows:

**I. Jurisdiction, Venue and Timeliness**

1. The Underlying Case was commenced by the *Voluntary Petition* filed by Defendants under Chapter 7 of Title 11, United States Code, on April 30, 2012 ("Petition Date") in the United States Bankruptcy Court for the District of Arizona.

2. This Adversary Proceeding is brought in connection with the Underlying Case.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1409(a).

4. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E) and (J).

6. This Complaint is timely pursuant to Rule 4004, Federal Rules of Bankruptcy Procedure.

**II. Facts**

7. David A. Birdsell is the duly appointed Chapter 7 trustee in this matter.

8. Debtors have failed to account for $4,355.76 in cash withdrawals that occurred prior to the Petition Date.

9. On the Petition Date, Defendants owned the following property not disclosed on *Schedule B* (the "Property"):

   a. Five (5) complete bikes;
   b. Eleven (11) frames;
   c. Nine (9) cranks;
   d. Seven (7) seats;
   e. Ten (10) chains;
   f. Twenty (20) pedals;
   g. Ten (10) stems;
   h. Thirteen (13) brakes;
   i. Eight (8) seat posts;
   j. Six (6) brake cables,
   k. Two (2) axels;
   l. One (1) chain guard;
   m. Fourteen (14) pegs;
   n. Seven (7) grips;
   o. Eleven (11) sprockets;
   p. Eleven (11) handle bars; and
   q. Thirteen (13) forks.

10. Defendants' Meeting of Creditors was held on June 7, 2012, and the original deadline to object to Defendants' discharge pursuant to 11 U.S.C. § 727 was August 6, 2012.

11. On August 6, 2012, Trustee filed his *Chapter 7 Trustee's Application for Examination Pursuant to Fed. R. Bankr. P. 2004* (the "Application") because Trustee desires to examine

Defendants regarding the acts, conduct, property, liabilities, or financial condition of Defendants and other matters which may affect the administration of the Bankruptcy Estate, or to Defendants' right to a discharge.

12. On August 6, 2012, Trustee filed his *Chapter 7 Trustee's Motion to Extend Deadline to Object to Discharge*, and on August 30, 2012, this Court entered its *Order Granting Chapter 7 Trustee's Motion to Extend Deadline to Object to Discharge* extending the deadline to object to Defendants' discharge until October 5, 2012.

13. On October 5, 2012, Trustee filed his *Second Notice of Deadline to Produce Documents Pursuant to Fed. R. Bankr. P. 2004*.

14. On October 5, 2012, Trustee filed his *Chapter 7 Trustee's Second Motion to Extend Deadline to Object to Discharge* and on October 30, 2012, the Court entered its *Order Granting Chapter 7 Trustee's Second Motion to Extend Deadline to Object to Discharge* extending the deadline to object to Defendants' discharge until December 4, 2012.

15. On December 4, 2012, Trustee filed his *Chapter 7 Trustee's Third Motion to Extend Deadline to Object to Discharge* and on January 7, 2013, the Court entered its *Order Granting Chapter 7 Trustee's Second Motion to Extend Deadline to Object to Discharge* extending the deadline to object to Defendants' discharge until February 4, 2013.

16. On November 15, 2012, Trustee's counsel sent Defendants' counsel an email describing in detail the issues in the case and offering Defendants an opportunity to resolve all outstanding issues. To date, no response has been received.

**III.     Cause of Action – Denial of Discharge (11 U.S.C. § 727(a)(2))**

7. Plaintiff hereby repeats, reiterates and realleges all of the foregoing allegations as if more fully set forth herein.

8. Pursuant to 11 U.S.C. § 727(a)(2), "[t]he court shall grant the debtor a discharge, unless the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged

with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition; or

(B) property of the estate, after the date of the filing of the petition.

9. Defendants concealed the Property with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title.

**IV.     Cause of Action – Denial of Discharge (11 U.S.C. § 727(a)(3))**

10. Plaintiff hereby repeats, reiterates and realleges all of the foregoing allegations as if more fully set forth herein.

11. Pursuant to 11 U.S.C. § 727(a)(3), "[t]he court shall grant the debtor a discharge, unless the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained…"

12. With respect to cash withdrawals that occurred prior to the Petition Date, Defendants have concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the Defendants' financial condition or business transactions might be ascertained.

13. Alternatively, Defendants concealed cash with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title.

**V.     Cause of Action – Denial of Discharge (11 U.S.C. § 727(a)(4)(a))**

14. Plaintiff hereby repeats, reiterates and realleges all of the foregoing allegations as if more fully set forth herein.

15. Pursuant to 11 U.S.C. § 727(a)(4), "[t]he court shall grant the debtor a discharge, unless the debtor knowingly and fraudulently, in or in connection with the case made a false oath or account."

16. Defendants knowingly and fraudulently made a false oath or account in connection with the Bankruptcy Case by filing their Schedules under penalty of perjury and omitting the Property from *Schedule B*.

17. Defendants knowingly and fraudulently made a false oath or account in connection with the Bankruptcy Case by testifying as to the accuracy and completeness of their Schedules and Statement at Defendants' Section 341 Meeting of Creditors.

**WHEREFORE,** Plaintiff prays that this Court find in favor of Plaintiff and order the following:

A. For the entry of a judgment denying Defendants' discharge pursuant to 11 U.S.C. § 727;

B. For the entry of a judgment against Defendants in an amount equal to the value of the Property;

C. For the entry of a judgment against Defendants in the amount of $4,355.76 for cash withdrawals for which Defendants have failed to account;

D. For Plaintiff's actual attorneys' fees, or in the case of default, attorneys' fees in the amount of $1,000.00 for the preparation and filing of this Complaint and all default pleadings;

E. For Plaintiff's actual costs, or in the event of default, costs in the amount of $293.00 for the filing fee to file this Complaint; and

F. For any relief this Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 4th day of February, 2013.

        **SCHEEF & STONE, L.L.P.**

        */s/ Jacob W. Sparks*
        Jacob W. Sparks, Esq.